MaNly, J.
 

 The question presented by the pleadings is., whether the language used by the testator, Eoy Mason, in the first clause of his will, creates a trust, in his wife, of Charles, Clarisa and Betsy, for the sons, Andrew and Osborne.
 

 It seems that Clarisa was sold by the administrator to pay debts — bought by the widow and paid for, partly, by funds arising from the hires of the other slaves, and the object of the bill is to follow the fund and to hold the property in which it was invested as security
 
 pro tanto.
 

 Thus, the equity of the bill rests upon the principle, that the slaves loaned to the wife, for life, was a trust, solely for the benefit of the children during that term. Indeed, that is the leading allegation of the bill. This, we think, is a misconstruction of the will. Considering the clause, in connection with the other bequests of the will, we are of opinion the wife, under the bequest, took an absolute legal estate, and that the words, “for the purpose of raising and educating my two sons,” have not the effect to qualify that estate. Our interpretation is, that the words mean to give a reason for the
 
 *151
 
 gift, and in that way, to suggest and recommend a duty that was incumbent on her.
 

 This construction is strengthened by reference to the terms of the provision, made in another part of the will, for the sons. It is there directed that certain property be sold, and after two years from the probate of the will, be paid over to Ms widow,
 
 as guardian
 
 to his sons, for the purpose of raising and educating them, &c. The language used, in these clauses, is so different, that we cannot suppose the testator meant the same thing. The inference is, that as the latter bequest was certainly intended for the benefit of the sons, the former was intended for that of the wife, with an admonition, as she had the means afforded her, to take care of the children.
 

 It will be found, upon examination of the will, that if the widow takes no beneficial interest in the bequest of the slaves aforesaid, that a very inadequate provision is made for her. This is contrary to the general tenor of the instrument, and to the dispositions towards the wife manifested in it. It would be calculated to provoke a dissent, inevitably, and the consequent disturbance of his arrangements, which he could not have desired or contemplated. The facts of the case show, that with all the assistance given in the will, it was a hard struggle for her to keep the property together and maintain herself and family in the humblest manner. But a small portion —about $80 of the income, from slaves, was devoted to the purchase of Clarisa, the balance having been paid by the application of her year’s provision to that object, and by moneys furnished by her second husband, the defendant’s intestate.
 

 The term, for which the property is given, it seems to us, is significant of the purpose of the testator. A loan, for life, is appropriate and usual in cases of gift for the donee’s own use, but it is of rare resort, where it is intended the donee shall hold for the benefit of others. It is not such language as would naturally be adopted for effecting a purpose of that kind.
 

 There is no warrant, therefore, either in the language of the bequest, or the intention of the testator, as gathered from
 
 *152
 
 the entire instrument, for severing the beneficial interest from-the legal estate. The language, in which the bequest is clothed, is simply demonstrative, and amounts, at most, only to an injunction, on the legatee, to enjoy the property given, in a particular manner.
 

 This ease is distingushed from that of
 
 Little
 
 v.
 
 Bennett,
 
 5 Jones’ Eq. 156. There, the
 
 embi/re estate
 
 of the testator was given to the wife to'raise and educate the children, and to dispose of among them as she might think proper. This was held to confer a beneficial interest on both, which might be enforced in a court of equity. But it was placed expressly upon the ground, that it could not be intended for herself alone, because there would then be nothing for the children ; nor could it be intended for the children alone, because, in that case, the mother would be left destitute, and, therefore, it was intended to be given to both. In the case before us, distinct provision is made for each, and we are of opinion the words annexed to the bequest for the wife, do not confer upon the children rights that will be enforced by the Court.
 

 Per Curiam, Bill dismissed.